**REPUBLIC PACKAGING CORPORATION, a Delaware Corporation, Plaintiff,**

**v.**

**HAVEG INDUSTRIES, INC., a Delaware Corporation, and Hercules, Inc., a Delaware Corporation, Defendants.**

No. 75 C 2609.

United States District Court, N. D. Illinois, E. D.

Jan. 27, 1976.

Marvin Benn, Seymour Keith & Assoc., Chicago, Ill., for plaintiff.

David Gibbons, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This action by Republic Packaging Corporation, plaintiff, against Haveg Industries, Inc. and Hercules, Inc., defendants, involves a claim under the Robinson-Patman Act with an attendant pendent state law contract claim. The cause is now before the Court on defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted. Because plaintiff has failed to state a claim under the Robinson-Patman Act, the motion will be granted.[1]

Defendants argue that a claim has not been stated under the Robinson-Patman Act because the transaction in question remained unconsummated. Section 2(a), 15 U.S.C. § 13(a), specifically provides that "nothing herein contained shall prevent persons engaged in selling goods, wares, or merchandise in commerce from selecting their own customers in bona fide transactions and not in restraint of trade."

This statutory language codifies the rule of *United States v. Colgate*, 250 U.S. 300, 39 S.Ct. 465, 63 L.Ed. 992 (1919), that a seller has complete freedom to select his own customers absent an attempt to enforce retail price maintenance. Necessarily then an outright refusal to sell to one customer does not constitute a Robinson-Patman Act violation. See *Report of the Attorney General's National Committee to Study the Antitrust Laws*, 132–37 (1955). Moreover, "no single sale can violate the Robinson-Patman Act. At least two transactions must take place in order to constitute a discrimination." *Bruce's Juices, Inc. v. American Can Co.*, 330 U.S. 743, 755, 67 S.Ct. 1015, 1021, 91 L.Ed. 1219 (1947).

This analysis of the act is further strengthened by the Federal Trade Commission's opinion in *Bird & Son*, 25 F.T.C. 548 (1937) and the Third Circuit's opinion in *Shaw's Inc. v. Wilson-Jones Co.*, 105 F.2d 331 (3d Cir. 1939). The *Bird* opinion states "the act does not purport to interfere with the right of a seller to select his customers. He may discriminate in the choice of customers. Not until there is a discrimination in price among those chosen does Section 2(a) of the act have any application." 25 F.T.C. at 553. Similarly, *Shaw's* holds that:

> "The discrimination in price referred to must be practiced 'between different purchasers'. Therefore at least two purchases must have taken place. The term purchaser means simply one who purchases, a buyer, a vendee. It does not mean one who seeks to purchase, a person who goes into the market-place for the purpose of purchasing." 105 F.2d at 333.

Plaintiff argues that the above stated rules do not apply in the instant case because a binding contract existed between the parties requiring defendant to sell an identified product at a specified

---

1. Because plaintiff has failed to allege a claim under the Robinson-Patman Act, defendants' non-subject matter jurisdictional arguments need not be reached. Under *UMW v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), plaintiff's pendent state law claim should also be dismissed.

price to plaintiff. Plaintiff asserts that defendant Haveg thereafter refused to deliver to plaintiff the product at the agreed price and would only deliver the goods to plaintiff at a price higher than defendants were charging plaintiff's competitors. Plaintiff claims that the subsequent offer was refused solely because of the allegedly discriminatory price terms.

■■ Assuming that plaintiff had a binding sales contract after the first offer no price discrimination occurred. If plaintiff relies on the first offer to sell as one transaction, the complaint fails to allege a violation of the act since that offer was allegedly at the same price offered in the contemporaneous sales to plaintiff's competitors. *Texas Gulf Sulfur Co. v. J. R. Simplot Co.*, 418 F. 793 (9th Cir. 1969). Nothing in the act is intended to federalize ordinary breach of contract actions. Under these circumstances plaintiff should be remitted to a simple breach of contract action in the appropriate state court to enforce the first offer.

■ Plaintiff also argues that the second offer at the supposedly discriminatory price under the above described facts amounts to more than a mere refusal to deal but was a "failure to sell" which is actionable under the Fifth Circuit's decision in *Bruce's Juices v. American Can Co.*, 187 F.2d 919 (5th Cir. 1951). *Cf. Aluminum Co. of America v. Tandent*, 235 F.Supp. 111 (D.Conn.1964). The Fifth Circuit's *Bruce's Juices* opinion states that a plaintiff is not bound to purchase a product on discriminatory terms in order to attain the status of a competing purchaser under the act if failure to do so was directly attributable to defendant's own discriminatory practices. This holding is contrary to the cases previously cited and appears not to be the law in this Circuit. See, *e. g., Chicago Seating Co. v. S. Karpen & Bros.*, 177 F.2d 863 (7th Cir. 1949). This Court is unable to distinguish the concept of refusal to deal from the term "failure to sell." Additionally, for a plaintiff to show injury under the act

(and consequently have standing to sue), consummated transactions are needed so that concrete, non-speculative price comparisons are available. In contrast, preliminary bargaining or offering circular prices are of such a speculative nature that without actual sales as a measure, the Court would be burdened with unduly *post hoc* speculative economic analysis in an increasingly expanded number of cases. The Court therefore refuses to expand the ambit of the act to include the instant facts. Insofar as the Fifth Circuit's opinion in *Bruce's Juices* is relevant to the facts here, the Court believes that *Bruce's Juices* is inconsistent with the plain statutory language requiring consummated transactions. Since no consummated transaction at a discriminatory price occurred here, defendants' motion to dismiss will be granted.

It is so ordered.