**GILLETTE TIRE JOBBERS OF LOUISIANA, INC.**

v.

**APPLIANCE INDUSTRIES, INC., et al.**

Civ. A. No. 83–2410.

United States District Court,
E.D. Louisiana.

Sept. 28, 1984.

Lawrence D. Wiedemann, Wiedemann & Fransen, New Orleans, La., for plaintiff.

Rutledge C. Clement, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for defendant Appliance Industries.

Fred L. Herman, Herman, Herman & Katz, New Orleans, La., for defendant Jake's Speed Equipment, Inc.

MENTZ, District Judge.

The Court entertained oral argument on the defendants, Appliance Industries, Inc.'s, and Jake's Speed Equipment, Inc.'s, Motions for Summary Judgment on February 8, 1984. At that time, the Court took the motion under submission.

## ROBINSON–PATMAN ACT

■ The plaintiff has failed to allege all of the elements necessary to establish a violation of the Robinson-Patman Act. In order to establish a claim arising under the Robinson-Patman Act, the plaintiff must prove that a seller made two or more sales of commodities at discriminatory prices within the same approximate time period. *L & L Oil Co. v. Murphy Oil Co.*, 674 F.2d 1113, 1120 (5th Cir.1982).

As the plaintiff has never purchased the wheels at a discriminatory price, there can be no "discrimination in price between different purchasers" as required by the act. 15 U.S.C.A. 13 (West, 1973). Plaintiff alleges that, for purposes of the act, an offer to sell at a discriminatory price constitutes a purchase at a discriminatory price.

Support for this argument can be found in *American Can Co. v. Bruce's Juices Inc.*, 187 F.2d 919, 924 (5th Cir.1951), which held that where the failure to purchase is directly attributable to the defendant's own discriminatory practices, the plaintiff is not required to purchase the product on discriminatory terms. However, this case creates only a narrow exception tailored to the specific facts of the case. The defendant had refused to sell cheaper Iscans to the plaintiff while continuing to sell them to the plaintiff's competitor. The plaintiff was relegated to purchasing a more expensive can from the defendant. *American Can Co.*, 187 F.2d at 922. Thus, the plaintiff and the plaintiff's competitor were both purchasing different cans from the same seller. These cans were held to be of like grade and quality. *American Can Co.*, 187 F.2d at 924.

Although *Bruce's Juices* is cited with approval in *M.C. Mfg. Co. v. Texas Foundries, Inc.*, 517 F.2d 1059, 1067, n. 17 (5th Cir.1975), the opinion has been severely criticized [1] and seems to be in direct conflict with the line of cases which hold that a seller has the right to refuse to sell to any prospective customer. See, *L & L Oil Co.*, 674 F.2d at 1120. Further, in order for the plaintiff to show injury, consummated transactions are necessary "so that concrete, nonspeculative price comparisons are available". *Republic Packaging Corp. v. Haveg Industries, Inc.*, 406 F.Supp. 379, 381 (N.D.Ill.1976).

Therefore, from a policy prospective and a reading of the case law, it would be improper for the Court to expand the exception to the two purchaser requirement to include the present case. As Appliance has not refused to sell to the plaintiff, the narrow exception to the two-purchaser requirement is not applicable. Appliance's offer to sell at a discriminatory price will not be deemed to be a sale for purposes of

---

1. See Hansen, *Robinson-Patman Law: A Review and Analysis,* 51 Fordham L.Rev. 1115, 1125– 1126 n. 79 (1983).

the act, therefore, the plaintiff has failed to establish an essential element of its claim.

The plaintiff also argues that it has a duty to mitigate its damages and, therefore, did not have to purchase at the discriminatory price. The plaintiff is putting the cart before the horse. The plaintiff must first establish an anti-trust violation before a duty to mitigate arises.

### Section 1. SHERMAN ACT

The plaintiff has failed to establish a conspiracy to restrain trade. In order to establish a conspiracy, the plaintiff must prove that the manufacturer and the other distributors had "a unity of purpose, or a common design and understanding, or a meeting of minds in an unlawful arrangement". *American Tobacco Co. v. United States*, 328 U.S. 781, 810, 66 S.Ct. 1125, 1139, 90 L.Ed. 1575 (1946).

■ Evidence of distributor complaints followed by termination (or price increases in this case) is not sufficient to permit the inference of a conspiracy. *Monsanto Co. v. Spray-Rite Service Corp.*, — U.S. —, 104 S.Ct. 1464, 1470, 79 L.Ed.2d 775 (1984). "To permit such an inference on the basis of complaints alone would inhibit Management's exercise of independent judgment and emasculate the terms of the statute." *Monsanto Co.*, 104 S.Ct. at 1471. Thus, there must be evidence that shows that the manufacturer and the nonterminated distributor were not acting independently. *Monsanto Co.*, 104 S.Ct. at 1471.

■ In the present case, there is no evidence that excludes the possibility that Alliance and the nonterminated distributors were acting independently. Alliance did not threaten to lower the plaintiff's discount if plaintiff did not maintain a certain price as in *Monsanto Co.*, 104 S.Ct. at 1471. Appliance's call to plaintiff stating that plaintiff had created an upheaval in the market place is only evidence of the other dealer's complaints. The Court in *Monsanto Co.*, 104 S.Ct. at 1470 stated that complaints about price cutters "arise in the normal course of business and do not indicate illegal concerted action". The allega-

tion that Alliance said it would "handle the problem" is ambiguous and inadmissible as hearsay testimony.

■ Plaintiff's only admissible evidence indicating a conspiracy is the complaints of other distributors, followed by a reduction in its discount rate. As a matter of law, this is insufficient to establish a conspiracy. *Monsanto Co.*, 104 S.Ct. at 1420.

### Section 2. SHERMAN ACT CLAIM

■ The plaintiff has failed to allege an attempt to monopolize or a monopoly in the relevant product market. As a matter of law, the plaintiff's argument that the relevant market is Alliance wheels is wrong. *See Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.*, 732 F.2d 480 (5th Cir.1984). (Absent exceptional market conditions, one brand in a market of competing brands cannot constitute a relevant product market.) The relevant market is the market for wheels, and Appliance clearly does not have a monopoly in this market. (See Thrash Deposition, pp. 218–219.)

Obviously, a company has a natural monopoly in its own product, however, "this monopoly does not contravene the antitrust laws." *Sports Center, Inc. v. Riddell, Inc.*, 673 F.2d 786, 791 (5th Cir.1982). "A reduction in intrabrand competition is not pernicious as long as there exists interbrand competition, which acts as a significant check on the exploitation of intrabrand market powers because of the ability of consumers to substitute a different brand of the same product. *Aladdin Oil Co. v. Texaco, Inc.*, 603 F.2d 1107, 1117 (5th Cir. 1979), *quoting Daniels v. All Steel Equipment, Inc.*, 590 F.2d 111, 113 (5th Cir.1979), *quoting Continental T.V., Inc. v. GTE Sylvania, Inc.*, 433 U.S. 36, 53 n. 19, 97 S.Ct. 2549, 2559 n. 19, 53 L.Ed.2d 568 (1977).

In evaluating whether other brands can act as a substitute for a particular brand, the court in *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 704 F.2d 787, 796 (5th Cir. 1983), considered the competitive nature of the industry, the fact that the brands performed the same functions and the similari-

**1280**

ty of the price of the different brands. The fact that the defendant's product was not compatible with its competitor's had no significance. *J.T. Gibbons, Inc.*, 704 F.2d at 796.

In the present case, it is clear that other wheels can act as a substitute for Appliance wheels. The plaintiff admits that it can get wheels from a company which carries a "reputable product" at a similar price as the Appliance wheels. (See Thrash deposition, p. 63, pp. 132–133.) Plaintiff further admits that there is little difference in the quality among different brands of wheels. (See Thrash deposition, p. 63.) The plaintiff argues that Appliance wheels are unique and therefore not reasonably interchangeable. This conclusion is refuted by the plaintiff's admission that another wheel manufacturer had been able to satisfy its needs. (See Thrash deposition, p. 62.) The fact that Appliance wheels are unique or higher in quality is not relevant as long as the brands are reasonably interchangeable. *J.T. Gibbons*, 704 F.2d at 796.

The motion of the defendants, Appliance Industries and Jake's Speed Equipment, Inc., for summary judgment will be granted. As the defendant, Southeastern Wheels, Inc., has not filed a motion for summary judgment, the court is not authorized by Fed.R.Civ.P. 56 to *sua sponte* order summary judgment. *Capital Films Corp. v. Charles Fries Productions, Inc.*, 628 F.2d 387 (5th Cir.1980). Therefore, final judgment in the case will not be entered until after the plaintiff's claim against Southeastern Wheels, Inc. has been litigated.

Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment is GRANTED.